UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                                          CASE NO: 2:15-cr-89-FtM-38MRM

JAIME GARCIA
_____/

### **ORDER**[1]

This matter comes before the Court on Defendant Jaime Garcia's Motion for a Sentence Modification under 18 U.S.C. § 3582(c)(2) as Authorized by Guidelines Amendment 782 (Doc. #30) filed on May 19, 2016, the United States Probation Office's Amendment 782 Memorandum (Doc. #32), and the Notice that the Federal Defender's Office Has Satisfied the Requirements Imposed by Amendment 782 Omnibus Order (Doc. #36).

Defendant pleaded guilty to possessing with intent to distribute heroin in violation of 21 U.S.C. § 841 (Doc. #20), and the Court sentenced him to 46 months' under U.S.S.G. § 2D.1.1 (Doc. #27). Prior to Defendant's sentencing, the United States Sentencing Commission promulgated Amendment 782 to the United States Sentencing Guidelines, which retroactively reduced the offense levels in U.S.S.G. § 2D1.1's drug quantity table.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Because of Amendment 782, Defendant moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2). (Doc. #30).

The Court appointed the Federal Public Defender's Office ("FPD") to represent Defendant in order to determine his eligibility for Amendment 782 relief. (Doc. #30; Doc. #30-1). Since then, the FPD has reviewed the record and determined that Defendant is not eligible for a sentence reduction because Amendment 782 was in effect at the time of Defendant's sentencing on January 25, 2016. (Doc. #36 at 2). The FPD has advised Defendant of its determination, as well as the Probation Office's Amendment 782 Memorandum that reached the same conclusion. (Doc. #32).

Under 18 U.S.C. § 3582, a court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that the Sentencing Commission subsequently lowered. But, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008).

Here, Defendant is not eligible for Amendment 782 relief. The Court sentenced him under the Sentencing Guidelines effective November 1, 2015, which accounted for Amendment 782's drug reductions. The Court, therefore, denies Defendant's motion for a sentence reduction.

Accordingly, it is now

**ORDERED:**

(1) Defendant Jaime Garcia's Motion for a Sentence Modification under 18 U.S.C. § 3582(c)(2) as Authorized by Guidelines Amendment 782 (Doc. #30) is **DENIED**.

(2) The Federal Public Defender's Office is relieved of further responsibility in this case, without prejudice, and no further action will be taken with regard to the appointment. The Clerk shall terminate the Federal Public Defender's Office as counsel of record.

**DONE AND ORDERED** in Fort Myers, Florida, on this 6th day of September 2016.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record